**M. Diane KOKEN, Insurance Commissioner of the Commonwealth of Pennsylvania, Plaintiff,**

v.

**RELIANCE INSURANCE COMPANY, Defendant.**

**In re Petition of Rehabilitator for 180–day Extension of Stay.**

Commonwealth Court of Pennsylvania.

Aug. 21, 2001.

**210**

PER CURIAM.

### ORDER

AND NOW, this 21st day of August 2001, the Preliminary Findings in Support of Court's Order of August 2, 2001 in the above-captioned matter shall be reported.

### *Preliminary Findings in Support of Court's Order of August 2, 2001*

COLINS, Judge.

These preliminary findings are entered in support of the Rehabilitator's request for a stay of all proceedings pending in the various courts in the nation. Recognizing that the authority of this Court does not extend to our sister states in the Union, nor to the federal courts, it is requested that in the interest of comity a stay be entered in the cases of litigation listed in "Exhibit A" (attached) involving Reliance insureds.

### *Overview*

On May 29, 2001, the Commonwealth Court of Pennsylvania entered an order placing Reliance Insurance Company (Reliance),[1] an insurer that wrote policies throughout the United States, in rehabilitation pursuant to 40 P.S. §§ 221.1—221.63. In that order, M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, was named Rehabilitator, and directed to take immediate possession of the property, business, and affairs of Reliance. Further, the Rehabilitator was directed to marshal assets and identify interests relevant to the rehabilitation of Reliance, thereby creating a single forum in which to dispose equitably of Reliance's assets.

In pursuit of that directive, the Rehabilitator has learned and informed this Court through affidavits,[2] that there are over 190,000 claims, and 15,000 lawsuits pending against Reliance and its insureds. Additionally, there are over 4,500 outside counsel handling claims throughout the United States, many handling multiple lawsuits. In order to maximize the asset pool and minimize a disparity in payment of claims, the financial exposure of Reliance must be ascertained in the most expeditious yet economical manner possible. Therefore, the Rehabilitator has requested and this Court has entered a 60–day stay order relating to all litigation involving Reliance, thereby, providing the Rehabilitator with a distinct time period in which

---

1. Information related to the rehabilitation of Reliance Insurance Company can be found at the Pennsylvania Insurance Department's website, www.insurance.state.pa.us. Also, the docket entries related to this matter can be found at the Administrative Office of the Pennsylvania Court's website which is www.aopc.org.

2. Two affidavit of William S. Taylor, Deputy Insurance Commissioner, were submitted to this Court in support of the request for a 180–day stay order. The affidavits are attached hereto.

to analyze pending litigation and outline a strategy to approach and resolve, in an orderly and fair manner, the competing issues and demands pending against Reliance.

Also, as a result of this Court's concern that all persons and/or entities with an interest in Reliance receive notice of the rehabilitation and any and all action(s) taken by the Rehabilitator, on July 30, 2001, an order was entered granting a request for the appointment of a policyholders committee, and Robert H. Levin, Esq., was appointed interim counsel for said committee. In order to facilitate the flow of information to the Policyholders Committee, by order entered July 30, 2001, this Court directed that the Policyholders Committee be served with copies of all filings entered upon the docket of this Court.[3]

The Rehabilitator now seeks the entry of a 180–day stay in the actions listed in Exhibit A and requests that the stay include all proceedings, including discovery, and extend to suits and proceedings outside the Commonwealth of Pennsylvania, and to suits and proceedings pending in the federal courts of the United States. In making this request, there is no attempt here to impose the authority of this Court where constitutional principles do not so allow. Instead, jurisdiction has been invoked for the sole purpose of enforcing the statutory requirements of 40 P.S. §§ 221.1—221.63. Considering that the regulation of distressed insurance companies is an important state interest[4] and the fact that Reliance is a Pennsylvania insurance company, this Court requests that under the principle of comity, recognition of this Court's authority to act and fulfill the mandate of 40 P.S. § 221.1—221.63 be permitted via the entry of a 180–day stay by such courts or tribunals of those matters identified in Exhibit "A."

### ORDER

AND NOW this 2nd day of August, 2001, upon consideration of petitioner's Emergency Petition to Extend the 60–Day Stay Pursuant to Paragraph 22 of the Commonwealth Court's May 29, 2001 Order, it is hereby ORDERED that the petition is GRANTED insofar as this Court specifically finds that it is in the best interests of the estate of Reliance Insurance Company, as well as the policyholders as a whole, the creditors and other interested parties, that proceedings and actions, including but not limited to discovery, in each of the cases identified in Exhibit "A" hereto should be stayed for a period of 180 days, such period to commence on the date of this order. With respect to suits and other proceedings outside the Commonwealth of Pennsylvania and in the federal courts of the United States, this Order constitutes the request of this Court for comity in the extension of the stay by such courts or tribunals, and that those courts afford this order deference by reason of this Court's responsibility for and supervisory authority over the rehabilitation of Reliance Insurance Company, as vested in this Court by the Pennsylvania Legislature. *See* 40 P.S. § 221.1–221.63.

Opinion to follow.

### EXHIBIT "A"

1. **Bank One:**

*In re Bank One Securities Litigation,* United States District Court for the Northern District of Illinois (Eastern Division), No. 00–CV–0767 (First Chicago).

---

**3.** *Accord Grode v. Mutual Fire, Marine and Inland Insurance Company,* 8 F.3d 953 (1993).

**4.** *Grode,* 8 F.3d at 959.

**Levitan v. McCoy,** United States District Court for the Northern District of Illinois, No. 00–CV–5096 (First Commerce).

**Kenneth Carlson, et al. v. McCoy, et al.,** United States District Court for the Eastern District of Texas, No. 500CV 259

**In re Old Banc One Shareholders Securities Litig.,** United States District Court for the Northern District of Illinois, No. 2100.

### 2. Bank of America:

**In re BankAmerica Corp. Securities Litigation,** United States district Court for the Eastern district of Missouri (Eastern Division), MDL No. 1264.

### 3. Marine Military Academy:

**John Peter, et al. v. Marine Military Academy,** 197th Judicial District Court, Cameron County, Texas, Cause # 98–07–2761–C;

**Debbie Wayne, et al. v. Marine Military Academy, et al.,** 197th Judicial District Court, Cameron County, Texas, Cause # 98–01–119–C;

**Samuel Elza v. Marine Military Academy, et al.,** 197th Judicial District Court, Cameron County, Texas, Cause # 99–01–863–C;

**Parents of John Doe, et al. v. Marine Military Academy,** 404th Judicial District Court, Cameron County, Texas, Cause # 97–11–7227–E.

### 4. Towers, Perrin, Forster & Crosby:

**The Los Angeles County Employees Retirement Association, et al. v. Towers, Perrin, Forster & Crosby, Inc., et al.,** United States District Court for the Central District of California (Western Division), Case No. CV–01–1351–DDP (CTX).

### 5. Oxford Health Plans:

**In re Oxford Health Plans, Inc. Securities Litigation and In re Oxford Health Plans, Inc. Derivative Litigation,** United States District Court for the Southern District of New York, MDL Docket No. 1222–D (CLB).

### 6. Xerox, Inc.:

**Russell Carlson, et al. v. Xerox Corporation, et al.,** United States District Court for the District of Connecticut, Case No. 3:00–CV–1621 (securities class action);

**In re Xerox Derivative Actions,** Index No. 00–114687, Supreme Court of the State of New York, County of New York.

### 7. Kutak Rock:

**Waynesburg College, et al. v. Terry L. Church, et al.,** United States District Court for the Southern District of West Virginia, Civil Action No.: 1–00–CV–0081.

### 8. Cell Pathways:

**In re Cell Pathway Securities Litig.,** United States District Court for the Eastern District of Pennsylvania, Master.

**Robert Frutkin, et al. v. Cell Pathways, Inc., et al.,** United States District Court of Pennsylvania, Civil Action No. 01–CV–1348.

### 9. Foxmeyer Health Corp.:

**Zuckerman v. Foxmeyer Health Corp., et al.,** United States District Court for the Northern District of Texas, Case No. 3–96CV–2258–t.

### 10. Cendant:

**In re Cendant Corp. Derivative Action,** United States District Court for New Jersey, No. 98–1998.

**Dr. Phoebe T. Corwin, et al. v. Henry R. Silverman,** Delaware Chancery Court, New Castle County, C.A. No. 1637.

### 11. Fruit of the Loom, Inc.:

**New England Health Care Employees Pension Fund v. Fruit of the Loom Inc., et al.,** United States District Court for the

Western District of Kentucky (Bowling Green Division) No. 1:98–CV–99M.

*Carol Bradley, derivatively on behalf of Fruit of the Loom, Inc. v. William Farley, et al.,* United States District for the Western District of Kentucky (Bowling Green Division), No. 1:98–CV–149M.

12. Columbia/HCA:

*Sidney Morse v. R. Clayton McWhorter, et al.,* United States District Court for the Middle District of Tennessee, Civil Action No. 3–97–0370.

*H. Carl McCall, et al. v. Richard L. Scott, et al.,* United States District Court for the Middle District of Tennessee, Civil Action No. 3–97–0838.

*Charles Ferguson v. Columbia/HCA Healthcare Corp., et al.,* Circuit Court for Washington County, Tennessee, Case No. 18679.

*Kemp Hoop et al. v. Columbia/HCA Healthcare Corporation, et al.,* District Court of Johnson County, Texas, 249th Judicial District, Case No. 249–171–97.

13. IKON Office Solutions, Inc.:

*Whetman, et al., v. IKON Office Solutions, Inc., et al.,* MDL Docket No. 1318 (E.D.Pa.).

14. United Companies Financial Corp.:

*Charles James Myer v. U.S. Trust Co. of Calif.,* United States District Court for the Middle District of Louisiana, No. 00–147–D–M3.

*Amy Bergeron, et al. v. U.S. Trust Co. of Calif., et al.,* United States District Court for the Middle District of Louisiana, No. 00–509–D–M3.

*Rebecca Donaldson, et al. v. U.S. Trust Co. of Calif., et al.,* United States District Court for the Middle District of Louisiana, No. 00–509–D–M3. Three cases have been consolidated.

15. Synagro Technologies, Inc.:

*Jessica Tristan Lopez, et al. v. Nicky Lee Framer, et al. and Synagro,* 135th Judicial District, District Court of Jackson County, TX, Cause No. 99–1–11337.

16. Woodbridge Films:

*Fuji Bank, Claimant v. Woodbridge Films, Respondent* (arbitration).

17. Allegheny Health Education and Research Foundation (AHERF):

*In re Allegheny Health Education and Research Foundation, et al.,* United States District Court for the Western District of Pennsylvania, Miscellaneous No.: 00–40; Civil Action No.: 99–854, 99–1124, 99–1125, 99–1907, 99–2069; 00–231, 00–668, 00–2019, 00–2081, 01–04, 01–270, 01–441, 01–493; and all other related proceedings.

### AFFIDAVIT OF WILLIAM S. TAYLOR IN SUPPORT OF STAY

I, William S. Taylor, do depose and state that I have personal knowledge of the following:

1. I am Deputy Insurance Commissioner of the Pennsylvania Insurance Department, Office of Liquidations, Rehabilitations and Special Funds.

2. On May 29, 2001, the Commonwealth Court of Pennsylvania entered its Order ("Order") placing Reliance Insurance Company ("Reliance") in rehabilitation pursuant to 40 P.S. §§ 221.1—221.63.

3. The Order appointed M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, and her successors in office, Rehabilitation of Reliance ("Rehabilitator").

4. The Rehabilitator was empowered and directed to take immediate possession of Reliance's property, business and affairs and to take such action as the nature of

this case and interests of policyholders, certificateholders, creditors or the public may require.

5. By letter dated May 29, 2001, the Rehabilitator vested me with authority to act on her behalf, stating that:

This letter will confirm that you, as my employee and agent, are authorized, on my behalf as Rehabilitator of Reliance, to: transfer, receive, sell and dispense the property and assets of Reliance, and to otherwise exercise may authority as Rehabilitator as vested in the law and in the Order of the Court, that you, in your judgment, deem necessary to conduct business of Reliance in Rehabilitation.

6. Since May 29, 2001, I and my staff on the Reliance Rehabilitation Team have been engaged in the ongoing attempt to know and understand the nature and extent of the currently pending litigation, including claims in litigation, that implicate or may implicate the assets of Reliance.

7. Given the extremely limited source of new income for Reliance, the nature, extent and outcome of litigation involving Reliance policies, including claims directly against Reliance, as well as claims against its insured that it is defending, or for whom it will be or may be responsible for indemnifying, is a principal focus of the efforts of the Rehabilitation Team.

8. The magnitude of the financial exposure from the pending litigation will have a direct substantial effect on the efforts of the Rehabilitator to protect the interests of policyholders and other creditors. Our efforts are presently focused on this analysis and a stay of litigation for a least 60 days will afford to obtain necessary information.

9. Only with a thorough analysis and understanding of the claims involving Reliance assets will the Rehabilitator be able to devise a Plan of Rehabilitation that deals with all policyholders, claimants, creditors and others in a fair and equitable manner, and one which does not involve a "race to the courthouse" or "race to judgment" that might be detrimental to Reliance and its constituents.

10. It was recognition of this issue that led the Insurance Commissioner to seek and obtain the Order from the Commonwealth Court that includes the stay of all actions in the Commonwealth of Pennsylvania and elsewhere.

11. Reliance wrote policies throughout the United States and beyond, and therefore has claims litigation in virtually every state in the United States.

12. The Rehabilitation Team believes that there are over 190,000 claims, and 15,000 lawsuits pending against Reliance and its insured. Further, there are over 4,500 outside counsel handling claims throughout the United States, many or most of whom are handling multiple claims and/or multiple lawsuits. Some of those outside counsel may be handling dozens or more of such suits.

13. The Rehabilitator is in the process of communicating with each of the law firms that have the responsibility for handling Reliance cases to determine the volume of cases and their status. In addition, sums owed to outside counsel by Reliance for work performed before May 29, 2001, will not be processed for payment, but will be claims against the estate of Reliance to be addressed in any Rehabilitation Plan. This may or may not affect each lawyer's willingness to continue to act as counsel for Reliance or for a Reliance insured. Those issues are in the process of being addressed.

14. The stay Order sought by the Rehabilitator and issued by the Commonwealth Court was intended to permit the

Rehabilitator time to perform the appropriate analysis of pending litigation so as to approach resolution of issues and demands upon Reliance assets in an orderly and fair manner.

16. The Rehabilitator and the Insurance Department believe that a stay of litigation involving Reliance insureds is necessary for at least 60 days to allow for the appropriate evaluation necessary to preserve the assets of Reliance.

*William S. Taylor*

WILLIAM S. TAYLOR

Sworn to and subscribed before me this 3rd day of August, 2001.

*Notary Public*

NOTARIAL SEAL
Jane M. Miglicnico, Notary Public
City of Radnor, County of Delaware
My Commission Expires Jul. 25, 2003

## DECLARATION OF WILLIAM S. TAYLOR

1. I am Deputy Insurance Commissioner of the Pennsylvania Insurance Department, Office of Liquidations, Rehabilitations and Special Funds. I am over the age of majority and under no legal disability. The facts set forth herein are based upon my personal knowledge and are true and correct to the best of my knowledge and belief.

2. On May 29, 2001, the Commonwealth Court of Pennsylvania entered its Order ("Order") placing Reliance Insurance Company ("Reliance") in rehabilitation pursuant to 40 P.S. §§ 221.1–221.63. Attached hereto as Tab 1 is a true and correct copy of the Order.

3. The Order appointed M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania, and her successors in office Rehabilitator of Reliance ("Rehabilitator").

4. The Rehabilitator was empowered and directed to take immediate possession of Reliance's property, business and affairs and to take such action as the nature of this case and interests of policyholders, certificateholders, creditors or the public may require.

5. By letter dated May 29, 2001, the Rehabilitator vested me with authority to act on her behalf, stating that:

This letter will confirm that you, as my employee and agent, are authorized, on my behalf as Rehabilitator of Reliance to: transfer, receive, sell and disperse the property and assets of Reliance, and

to otherwise exercise my authority as Rehabilitator as vested in the law and in the Order of the Court, that you, in your judgment, deem necessary to conduct business of Reliance in Rehabilitation.

6. Since May 29, 2001, I and my staff on the Reliance Rehabilitation Team have been engaged in the ongoing attempt to know and understand the nature and extent of the currently pending litigation, including claims in litigation, that implicate or may implicate the assets of Reliance.

7. Given the extremely limited source of new income for Reliance, the nature, extent and outcome of litigation involving Reliance policies, including claims directly against Reliance, as well as claims against its insureds that it in defending, or for whom it will be or may be responsible for indemnifying, is a principal focus of the efforts of the Rehabilitation Team.

8. The magnitude of the financial exposure from the pending litigation will have a direct and substantial effect on the efforts of the Rehabilitator to protect the interests of policyholders and other creditors.

9. Only with a thorough analysis and understanding of the claims involving Reliance assets will the Rehabilitator be able to devise a Plan of Rehabilitation that deals with all policyholders, claimants, creditors and others in a fair and equitable manner, and one which does not involve a "race to the courthouse" or "race to judgment" that might be detrimental to Reliance and its constituents.

10. It was recognition of this issue that led the Insurance Commissioner to seek and obtain the Order from the Commonwealth Court that includes the stay of all actions in the Commonwealth of Pennsylvania and elsewhere against Reliance.

11. Reliance wrote policies throughout the United States and beyond, and therefore has claims litigation in virtually every state in the United States.

12. The Rehabilitation Team believes that there are over 190,000 claims, 15,000 lawsuits pending against Reliance and its insureds, but has not completed its analysis of the magnitude of the exposure. There are over 4,500 outside counsel handling claims throughout the United States, many or most of whom are handling multiple claims and/or multiple lawsuits. Some of those outside counsel may be handling dozens or more of such suits.

13. The Rehabilitator is in the process of communicating with each of the law firms that have the responsibility for handling Reliance cases to determine the volumes of cases and their status. In addition, sums owed to outside counsel by Reliance for work performed before May 29, 2001, will not be processed for payment, but will be claims against the estate of Reliance to be addressed in any Rehabilitation Plan. This may or may not affect each lawyer's willingness to continue to act as counsel for Reliance or for a Reliance insured. Those issues are in the process of being addressed.

14. The stay Order sought by the Rehabilitator and issued by the Commonwealth Court was intended to permit the Rehabilitator time to perform the appropriate analysis of pending litigation so as to approach resolution of issues and demands upon Reliance assets in an orderly and fair manner.

15. The Rehabilitator and the Insurance Department believe that a stay of litigation involving Reliance insureds is necessary for at least 60 days to allow for the appropriate evaluation necessary to preserve the assets of Reliance.

16. The Rehabilitator is requesting a 60 day stay of this litigation, to rum from

the date of this court's entry of the stay order.

I declare under penalty of perjury of the State of West Virginia that the foregoing is true and correct.

Executed on the 27 day of July, 2001 at     ,     .